```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA,         :<br>        Plaintiff<br>                                  :<br>     vs.                          :   CRIMINAL NO.  1:CR-03-0361<br>                                  :<br>RONALD BOATWRIGHT,<br>        Defendant                 : | |

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Ronald Boatwright, has filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. He has also filed a supplemental motion under section 3582(c)(2) relying on his positive post-sentencing conduct while in prison.

The government opposes a reduction on the following grounds. First, Defendant is not eligible for one because his sentence was not based on the guidelines but was instead an indeterminate one. Second, Defendant's guideline range recalculated under Amendment 706 is still higher than the sentence he did receive. Third, we should not exercise our discretion under section 3582(c)(2) to reduce Defendant's sentence since, anticipating *United States v. Booker,* 543 U.S. 229, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we did give

Defendant a sentence that treated the guidelines as advisory only, and in these circumstances, the policy statement governing reductions under Amendment 706 advises that a reduction would not generally be appropriate.

We need not address the first two arguments. We agree with the government that no reduction is proper here because in sentencing Defendant we essentially took into account the unfairness of the crack-cocaine disparity intended to be cured by Amendment 706. Thus, no further reduction in sentence is appropriate.

II.   *Background*

In December 2003, Defendant was named in a four-count indictment. On April 21, 2004, pursuant to a written plea agreement, he pled guilty to counts I and III. Count I charged him with possession with the intent to distribute an unspecified quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and Count III with unlawfully possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c).

A presentence report (PSR) was prepared, setting forth a calculation of Defendant's guideline range using the guidelines in effect at the time of sentencing. Defendant's base offense level for the drug offense was 22, representing 333.42 grams of marijuana and 3.8 grams of crack cocaine converted to a marijuana quantity for sentencing purposes. A three-level

reduction was granted for acceptance of responsibility, giving Defendant a total offense level of 19. Combined with a criminal history category of IV, the guideline range was 46 to 57 months. On the firearm offense, the guideline range was the statutorily mandated five-year term of imprisonment that had to be imposed by law consecutively to the drug count. *See* 18 U.S.C. § 924(c)(1)(A)(i).

At sentencing on July 28, 2004, the court anticipated that the holding of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004), would be extended to the federal sentencing guidelines, and decided to use the guidelines in an advisory capacity only.[1] (Transcript of sentencing, attached to Defendant's motion, pp. 7 and 20). In light of the mandatory sixty-month consecutive sentence that had to be imposed for the firearm offense, we "use[d] the guidelines as a measure" but "var[ied] somewhat," (*id.*), and imposed a non-guideline sentence of twenty-four months on the drug offense, which meant a total period of incarceration of eighty-four months. We also noted that if we were required to apply the guidelines, we would have imposed a sentence of forty-six months (the low end of the range) on the drug offense and sixty months on the firearm offense for a total of 106 months.

---

[1] Our decision was based on *United States v. Croxford*, 324 F. Supp. 2d 1255 (D. Utah 2004), *aff'd*, 170 Fed. Appx. 31 (10th Cir. 2006)(nonprecedential). Later, in *Booker*, *supra*, the Supreme Court did extend *Blakely* to federal sentencing, allowing the use of the federal sentencing guidelines only in an advisory capacity.

3

The probation office has submitted an addendum to the PSR, with Defendant's guideline range for the drug offense recalculated using Amendment 706. As recalculated, Defendant's base offense level becomes twenty and his total offense level 17. With a criminal history category of IV, the recalculated guideline range is 37 to 46 months.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not

4

authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1). The court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," *id.*, § 1B1.10(b)(2)(A), but there is an exception for when the defendant had been sentenced to a term of imprisonment "less than the term of imprisonment provided by" his guideline range at the time of the original sentencing. In that case, "a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." *Id.*, § 1B1.10(b)(2)(B). "However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. §

3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.*

Defendant argues that a reduction is proper because we said at sentencing that we would use the guidelines "as a measure" while "vary[ing]" from them "somewhat." Hence, in his view, the guidelines were used to establish his sentence. Further, since he was granted a 42% reduction, representing the percentage difference between fifty-seven months, the high end of his original guideline range, and twenty-four months, the sentence imposed, he should receive a corresponding reduction when using his recalculated guidelines range. According to Defendant, this would yield a nineteen-month sentence on the drug offense, five months less than the twenty-four-month sentence he is now serving.

We decline to grant a further reduction. As noted, section 1B1.10(b)(2)(B) advises that if the original sentence was a non-guideline one determined pursuant to 18 U.S.C. § 3553(a) and *Booker*, *supra*, a further reduction "generally" is not appropriate." At sentencing, relying on *Blakely*, *supra*, to treat the federal guidelines as advisory only, we applied the same principle that *Booker* would later approve and declined to impose the sentence that was then called for by Defendant's drug

6

quantity. We instead imposed a non-guideline sentence of twenty-four months. We will not disturb this *Booker*-type sentence.[2]

Defendant's supplemental motion seeks a reduction based on his positive post-sentencing conduct. Application note 1(B)(iii) allows such conduct to be taken into account in determining: "(I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." As the language of this application note shows, the use of post-sentencing conduct depends on whether the court decides that a reduction is warranted under Amendment 706. Because we have decided not to grant a reduction, Defendant's post-sentencing conduct while commendable, is not relevant.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 16, 2008

---

[2] Our position is consistent with our July 19, 2005, denial of Defendant's motion under 28 U.S.C. § 2255 to vacate his sentence, which also relied on *Booker*. There, in the background part of our order, we stated: "It is clear that at the time of sentencing, Boatright received the benefit of *Blakely* (and thus *Booker*) in the calculation of his sentence." (Doc. 44, pp. 2-3).

7

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
      Plaintiff
                                          :

      vs.                       :  CRIMINAL NO.  1:CR-03-0361
                                          :

RONALD BOATWRIGHT,
      Defendant                 :

*O R D E R*

AND NOW, this 16th day of April, 2008, it is ordered that Defendant's motion (doc. 55) for reduction of his sentence under 18 U.S.C. § 3582(c)(2) and his supplemental motion (doc. 58) are denied.

                                            /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge